CGFD26 (6/01/2026)

**ORDERED in the Southern District of Florida on November 4, 2026**

**Corali Lopez−Castro**
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
## www.flsb.uscourts.gov

**Case Number: 26−17805−CLC**
**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Idalia Almenares
aka Idalia Almenares Venero
2400 W 5th WAY APT 102
Hialeah, FL 33010

SSN: xxx−xx−4945

### ORDER CONFIRMING CHAPTER 13 PLAN

This case came before the court on 10/27/2026 for confirmation of the debtor's First Amended chapter 13 plan. Based on the record, including the Debtor "Certificate of Compliance and Request for Confirmation of Chapter 13 Plan" it is

**ORDERED** as follows:

1. The debtor's chapter 13 plan complies with the provisions of 11 U.S.C. § 1325 and, if applicable, § 521 and 1308, and is, therefore, confirmed.

2. Any claim entitled to priority under 11 U.S.C. § 507 must be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the plan as required by 11 U.S.C. § 1322(a)(2), with postpetition interest as required by 11 U.S.C. § 506(b) payable on the secured portion of the claim.

---

[1] All references to "debtor" includes both debtors in a joint case.

3. The debtor's first monthly payment to the trustee under the plan was required to commence not later than 30 days following June 15, 2026, the date the petition was filed, or within 30 days from the date of conversion to chapter 13. The trustee must begin disbursement to creditors under the Plan as soon as practicable upon entry of this order.

4. If the plan does not provide for payments to a secured creditor, the plan provides for surrender of the property secured by the secured creditor's claim or the plan provides for direct payment of the secured creditor's claim outside of the plan, that secured creditor is granted in rem stay relief as to the debtor and in rem stay relief from the co−debtor stay to pursue available state court remedies against any property of the debtor that secures the creditor's claim. The filing of a motion to modify a plan does not operate as a stay of any action against property of the debtor that is not subject to the automatic stay absent further court order.

5. Any executory contract or unexpired lease of the debtor that has not been assumed pursuant to court order before entry of this order, or that is not assumed under the plan confirmed by this order, is rejected upon entry of this order. Any proof of claim for damages arising from the rejection must be filed no later than the latest to occur of: (1) the time to file a proof of claim under Bankruptcy Rule 3002(c) or (2) 28 days after entry of this order.

6. The following provisions apply if the confirmed plan provides for payment to one or more holders of tax certificates on property of the debtor:

    A. To ensure that the records of the county tax collector credit amounts received by certificate holders, upon receipt of information under paragraph B, the tax collector is ordered to adjust the county tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the chapter 13 trustee to certificate holders under the confirmed plan.

    B. The tax collector must be served with any order entered post−confirmation that (a) dismisses or converts this case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the debtor upon completion of the plan. Upon receipt of any such order, the tax collector must request a ledger from the chapter 13 trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the chapter 13 trustee's website.

    C. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the tax collector is enjoined from accepting a redemption payment for any certificate that is included in the plan. This injunction will dissolve without further court order if (a) one of the orders listed in paragraph B is entered; and (b) the county has complied with the requirements in paragraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the chapter 13 trustee's ledger.

7. Under Local Rule 1017−1(c)(2), if the debtor fails to timely make any payment to the trustee under the confirmed plan, the trustee may serve a notice of delinquency on the debtor and the debtor's attorney. The debtor may cure any delinquency by making all past−due payments due under the plan within 45 days after service of a notice of delinquency (including making any payments that become due within the 45−day period). The case may be dismissed without further notice or hearing upon the trustee filing a report of noncompliance based on the debtor's failure to cure a delinquency and remain current on the plan by the 45th day after service of the notice of delinquency.

8. Any nonstandard provisions not set forth in section IX of the plan are void.

9. The debtor must promptly disclose to the trustee all material changes in the Debtor's financial circumstances, including, but not limited to, inheritances, personal injury settlements, new or additional employment, loss of employment, or reduction in or increase of income.

The clerk is directed to serve a copy of this order on all parties of record.

***# # #***